## Bago v La Brochette, Inc.

2025 NY Slip Op 31533(U)

April 29, 2025

Supreme Court, New York County

Docket Number: Index No. 153644/2023

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LISA S. HEADLEY                        PART                    28

*Justice*

-------------------------------------------------------------------X

ANDRAS BAGO, ALEXANDRU GEREA

                 Plaintiff,

          - v -

LA BROCHETTE, INC., ABA KOIUNOV,

            Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153644/2023 |
| MOTION DATE | 07/19/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93

were read on this motion to/for        ORDER MAINTAIN CLASS ACTION .

## Background

On April 20, 2023, Plaintiffs, Andras Bago ("Mr. Bago") and Alexandru Gerea ("Mr. Gerea") ("Plaintiffs"), filed this action for violations of the New York Labor Law, New York State Human Rights Law and New York City Human Rights Law, against Defendants, La Brochette, Inc. and Aba Koiunov ("Defendants"). Plaintiffs commenced this action against the Defendants, their former employers, for 1) failure to pay minimum wage; 2) tip misappropriation; 3) failure to pay non-overtime wages; and 4) violation of notice and record-keeping requirements. According to the defendants, La Brochette, Inc. is a small restaurant that serves Kosher food in Manhattan. Plaintiffs allege they worked as servers, who were tipped employees, at the Defendants' establishment from December 2017 until January 2020. Plaintiffs allege that they, as well as former and current servers, were paid less than the minimum wage by the Defendants.

On July 19, 2024, Plaintiffs filed this motion for an order certifying this action as a class action of the Defendants' servers pursuant to Article 9 of the Civil Practice Law & Rules ("CPLR"). Specifically, Plaintiffs' motion seeks an Order: 1) certifying that this action may be maintained as a class action; 2) providing that notice be sent by mail to class members' last known addresses to be provided by the Defendants; 3) appointing attorneys, Jeremiah Iadevaia and Matthew Dorfman of Vladeck, Raskin, & Clark, P.C., as Class Counsel; and appointing Plaintiffs as the class representatives. Defendants filed opposition, and Plaintiffs filed a reply.

## Discussion

Pursuant to *CPLR §901*, [o]ne or more members of a class may sue or be sued as representative parties on behalf of all, where the following five factors are satisfied: 1) numerosity, 2) commonality, 3) typicality, 4) adequacy of representation, and 5) superiority." *See, Cupka v. Remik Holdings LLC*, 202 A.D.3d 473 (1st Dep't 2022). "The determination of whether or not a matter qualifies as a class action, after a review of the statutory criteria as applied to the facts at hand, rests within the sound discretion of the motion court." *Rabouin v. Metro. Life Ins. Co.*, 25 A.D.3d 349 (1st Dep't 2006). The party seeking class certification has the burden of establishing the prerequisites of *CPLR §901(a)*. According to *CPLR §901(a)(1)*, the individuals constituting the class must be so numerous that joinder of all members is impossible. *CPLR §901(a)(1)*. Although "[t]here is no mechanical test or set quantity of prospective class members to determine whether the class membership is so numerous as to make actual joinder impracticable, it has been held that the legislature contemplated classes involving as few as 18 members." *See, Marcondes v. Fort 710 Assocs., L.P.*, 168 N.Y.S.3d 812 (N.Y. Sup. Ct. 2022).

*CPLR §902* pertains to an order allowing class action and states "[w]ithin sixty days after the time to serve a responsive pleading has expired for all persons named as defendants in an action brought as a class action, the plaintiff shall move for an order to determine whether it is to be so maintained. An order under this section may be conditional and may be altered or amended before the decision on the merits on the court's own motion or on motion of the parties. The action may be maintained as a class action only if the court finds that the prerequisites under *CPLR §901* have been satisfied." *See, CPLR §902*.

In support of the motion, Plaintiff Bago submitted his own affidavit wherein he attests, *inter alia*, that prior to 2019, the Defendants classified him as an independent contractor rather than as an employee. Mr. Bago attests that the Defendants also classified all other servers as independent contractors rather than employees. Mr. Bago asserts that during his time working for Defendants, all the servers were compensated at the tipped minimum wage rate as opposed to the full minimum wage rate. Mr. Bago attests that the Defendants paid him less than the non-tipped minimum wage rate. Mr. Bago also claims that the Defendants instituted and maintained a "tip pooling policy," which means that the Defendants collected the tips received by the servers and then redistributed the tips according to an unspecified formula. Mr. Bago asserts that the Defendant provided menus, which stated that a "17% gratuity and 5% administrative fee will be added" to each customer's bill, however the Defendants retained a significant part of the 17% gratuity rather

153644/2023   BAGO, ANDRAS ET AL vs. LA BROCHETTE, INC. ET AL          Page 2 of 6
Motion No. 003

2 of 6

than distributing the entirety of the gratuity among the Class members." *(See, NYSCEF Doc. No. 65)*. In addition, Mr. Bago attests that the Defendants did not provide him with "spread of hours pay" when there was more than 10 hours between the beginning of his first shift and the end of his last shift. *Id.*

In support of the motion, Plaintiff Gerea also submitted his own affidavit, wherein he attests, *inter alia*, that he worked as a full-time tipped employee for Defendants from December 2017 until January 2020, however prior to early 2019, the Defendants classified him as an independent contractor rather than as an employee. Mr. Gerea asserts he worked more than one shift which exceeded 10 hours. Mr. Gerea attests that the Defendants never provided him with "written notice of the tip credit amount that Defendants were claiming on his wages, and in 2019 Defendants instituted and maintained a tip pooling policy where Defendants collected the tips received by the Servers and redistributed the tips according to an unspecified formula[.]" Mr. Gerea also attests that the Defendants' menus provided to customers stated that a 17% gratuity and 5% administrative fee will be added to each customer's bill, however Mr. Gerea claims that the Defendants retained a significant part of the 17% gratuity rather than distributing the gratuity among the Class members.

In opposition, the Defendants submit, *inter alia*, the affidavit Aba Koiunov, who is the shareholder of La Brochette Inc. Defendants argue that the Plaintiffs' assertions do not articulate an unlawful employment policy attributable to La Brochette. *(See, NYSCEF Doc. No. 84)*. Defendant Koiunov refutes the plaintiffs' assertions that they worked as servers since at La Brochette there are few formal job titles. Defendant Koiunov claims that La Brochette is a small restaurant that serves Kosher food in Manhattan, with 121 seats and has no more than 17 employees during the year. Defendant Koiunov claims that the Plaintiffs proffer no evidence that Defendants withheld tips from the servers with respect to catered events or banquets. *Id.*

Defendants also argue the Plaintiffs' motion for class certification should be denied because they have failed to establish the criteria for class certification pursuant to *CPLR § 901*. Defendants assert that Plaintiffs have failed to identify any unlawful labor policy regarding tip pooling and failed to demonstrate any company-wide policy or practice that existed at La Brochette during their employment. Defendants argue that the Plaintiffs failed to detail any conversation with any putative class members concerning this alleged tip scheme. In addition, Defendants argue the purported class size is not so numerous as to make joinder impracticable since Plaintiffs have failed

153644/2023 BAGO, ANDRAS ET AL vs. LA BROCHETTE, INC. ET AL
Motion No. 003

Page 3 of 6

3 of 6

[* 3]

to identify any other specific employees in the purported class who share their individualized complaint regarding the alleged unlawful tip-pooling. Defendants argue that Plaintiffs' motion for class certification should be denied because Plaintiff Bago has asserted numerous individual claims that would not be part of the putative class.

Furthermore, Defendants argue that Plaintiffs are not adequate class representatives, and their claims are not typical of the class. Defendants contends that Plaintiffs' failure to waive their liquidated damages claim renders them inadequate class representatives. Defendants argue that Plaintiffs lack personal knowledge of their employers' policies or practices. Lastly, Defendants argue class certification is not warranted in this action because Plaintiffs' counsel failed to submit a proposed class notice to the Court.

In reply, Plaintiffs argue, *inter alia*, that they are adequate class representatives for the entire class since there is no requirement that the named Plaintiffs must have worked for the Defendants throughout the entire class period. Plaintiffs further argue that the pursuit of liquidated damages does not preclude class certification because under New York Labor Law, liquidated damages are not a penalty, and Plaintiffs may waive liquidated damages at a later time.

Here, the Plaintiffs and the potential class members, the unnamed servers from December 2017 to January 2020, have met their burden of demonstrating the perquisites for class action certification under *CPLR §901 and CPLR §902*. "The State's rules on class actions, like their federal counterparts, "favor the maintenance of class actions" and support "a liberal interpretation." *Marcondes v. Fort 710 Assocs., L.P.*, 168 N.Y.S.3d 812 (N.Y. Sup. Ct. 2022). A class action "may, as a practical matter, be the only available method for the determination of the issues raised." *Pruitt v. Rockefeller Ctr. Properties, Inc.*, 167 A.D.2d 14 (1st Dep't 1991).

This Court finds that the Plaintiffs established numerosity. Plaintiffs argue that on May 31, 2024, Defendants produced supplemental interrogatory responses wherein Defendants stated that 76 individuals meet Plaintiffs' proposed class definition. *(See, NYSCEF Doc. No. 78, Exhibit 10)*. Plaintiffs' assert that the individual joinder of all class members would be especially impracticable, therefore, a class action is the superior vehicle for resolving this prevailing wage dispute. Defendants, in their opposition, argued that there were never more than 17 employees during the year, which satisfies the numerosity requirement. *(See, NYSCEF Doc. No.84); Marcondes v. Fort 710 Assocs., L.P., 168 N.Y.S.3d 812 (N.Y. Sup. Ct. 2022)*. In addition, the Plaintiffs have demonstrated that the potential damages suffered by an individual class member are likely to be

[* 4]                                          4 of 6

insignificant and that the cost of prosecuting individual actions would result in the class members having no realistic day in court. *See, Chua v. Trim-Line Hitech Constr. Corp.*, 225 A.D.3d 565 (1st Dep't 2024). Here, based on Mr. Bago's and Mr. Gerea's assertion that they were not paid an employee wage, and for their alleged overtime work, if this Court were to consider the claims of the other 17 workers, the damages would be substantially greater than the damages asserted for the named Plaintiffs. Therefore, a class action is the proper method to adjudicate Plaintiffs' claims.

This Court finds that the Plaintiffs satisfied commonality and typicality prongs under *CPLR §901*. In their initial motion for class certification by submission of Mr. Bago and Mr. Gerea's affidavits and the redacted time and pay records of other putative class members for select pay periods. *(See, NYSCEF Doc. Nos. 65-66, 79, 86).* A class action is the superior vehicle for resolving this prevailing wage dispute. *See, Chua v. Trim-Line Hitech Constr. Corp.*, 225 A.D.3d 565 (1st Dep't 2024). The Plaintiffs have submitted their redacted pay records, which were also submitted to Defendants' servers, and purported class members. These records demonstrate that the putative class members, servers, have allegedly suffered damages in amounts insufficient to justify individual actions, and the servers received similar pay rates and independent contractor job classifications. *(See, NYSCEF Doc. No. 80 and 86).*

This Court further finds that the Plaintiffs' attorneys, Jeremiah Iadevaia and Matthew Dorfman of Vladeck, Raskin, & Clark, P.C., as Class Counsels are adequate representatives for the putative class. Plaintiffs' attorneys explain their backgrounds, and attests that they have significant experience handling and leading complex commercial and class action litigations. *(See, NYSCEF Doc No.68).* There is no evidence that plaintiffs or their counsels lack the financial means to prosecute this case, or that the Plaintiffs may have conflicts with other putative class members.

As such, the Plaintiffs' motion pursuant to *CPLR §901* and *§902* certifying that this matter may be maintained as a class action is granted.

Accordingly, it is hereby

**ORDERED** that this action is certified as a class action pursuant to *CPLR Article 9* on behalf of Plaintiffs Andras Bago and Alexandru Gerea and the putative New York class is GRANTED; and it is further

**ORDERED** that Plaintiffs Andras Bago and Alexandru Gerea are appointed as lead Plaintiffs and class representatives; and it is further

**ORDERED** that the Law Firm of Vladeck, Raskin, & Clark, P.C is appointed as counsel for the class; and it is further

153644/2023  BAGO, ANDRAS ET AL vs. LA BROCHETTE, INC. ET AL
Motion No.  003
Page 5 of 6

5 of 6

**ORDERED** that Defendants La Brochette, Inc. and Aba Koiunov shall provide the names and contact information of the class members including email addresses, if available; and it is further

**ORDERED** that the proposed notice be distributed to the class members by first class mail; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision and Order of the Court.

| 4/29/2025 | | | | | |
|-----------|---|---|---|---|---|
| DATE | | | | LISA S. HEADLEY, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | X GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

153644/2023   BAGO, ANDRAS ET AL vs. LA BROCHETTE, INC. ET AL
Motion No.  003

Page 6 of 6

6 of 6